THE AMERICAN EXCHANGE BANK, RESPONDENT, *v.* BEN-JAMIN BRANDRETH, IMPLEADED WITH GEORGE A. BRANDRETH, AND OTHERS, APPELLANT.

*Discharge in bankruptcy — effect of, on equitable liens based on statute of uses and trusts.*

Judgment was recovered against defendant in 1861. He was discharged in bankruptcy in 1868. The owner of the judgment, in 1877, commenced an action to establish an equitable lien, based on the statute of uses and trusts, on certain land, which lien was alleged to have been created by said judgment in his favor and to have accrued before the filing of the petition in bankruptcy. Defendant thereupon moved, under the statute of New York (relating to the discharge of judgments against bankrupts), that the judgment be canceled and discharged of record. *Held,* that equitable liens on lands, existing at the time of the discharge in bankruptcy, no action having been commenced thereon or *lis pendens* filed, were not protected from the operation of the discharge.

APPEAL from an order at Special Term, denying appellant's application for an order directing the clerk to cancel and discharge of record the judgment in this action so far as it affected Benjamin Brandreth, a defendant therein, who had theretofore been discharged in bankruptcy. The assignee of the plaintiff, the owner of the judgment, was, at the time of this application, seeking to enforce an alleged equitable lien of said judgment upon certain lands, such lien having accrued prior to the filing of the petition in bankruptcy and being based upon the statute of uses and trusts.

*Philo Chase*, for the appellant.

*James S. Stearns*, for the respondent. If the purpose of section 1268, of the Remedial Code, or chapter 52 of 1875, is to deprive the judgment creditors of their vested rights, they are repugnant to the Constitution and are void. "No State shall * * * pass any bill of attainder, *ex post facto* law, or law impairing the obligation of contracts." (U. S. Constitution, art. 1, § 10; 1 Edmonds' Stat., p. 16.) "No person shall * * * be deprived of life, liberty or property without due process of law." (5th amendment to U. S. Constitution; 1 Edmonds' Statutes, p. 26.)

There is a distinction, which has been carefully observed by the courts, between mere remedies, and proceedings which tend to impair the obligation of contracts, although in the form of a remedy. Just so soon as the change in the remedy impairs the obligations of a contract, it must y.eld to the higher law, which here steps in to protect the rights of the parties. (*McCracken* v. *Hayward*, 2 How. [U. S.], 608 [in 1844]; *Bronson* v. *Kinzie*, 1 How. [U. S. R.], 311 [in 1841]; *Curran* v. *State of Arkansas*, 15 How. [U. S.], 304 [in 1853]; *Martin* v. *Somerville Water-power Co.*, 27 How. P. R., page 161; *Vrooman* v. *Jones*, 5 id., page 369.) Under the bankrupt law it is acknowledged universally that all rights acquired by creditors before the filing of the petition are preserved. (*In re Hambright*, 2 Bank Reg., 157; *Phillips* v. *Bowdoin*, 14 id., 43; *Reed* v. *Bullington*, 11 id., 409; *Bangs* v. *Strong*, 1 Denio, 619; under law of 1841 — *McCullough* v. *Caldwell*, 5 Ark., 237: *McCanee* v. *Taylor*, 10 Grattan [Va.], 580; *Bush* v. *Cooper*, 26 Miss., 599; under act of 1867 — *Jones* v. *Lellyett*, 39 Ga., 64.)

BARNARD, P. J.:

The American Exchange Bank recovered a judgment upon a promissory note against Benjamin Brandreth, and others, on the 12th February, 1861, for $15,771.72. On the 30th June, 1868, Brandreth was discharged from all debts and claims provable against his estate and which existed on the 29th February, 1868, excepting such as are excepted by the bankrupt act.

In January, 1877, Austin Corben, who was then the owner of the judgment by assignment from the bank, commenced an action against Brandreth and another to enforce this judgment and collect the same from land conveyed by Brandreth before the discharge in bankruptcy was obtained. In the case of the *Ocean Bank* v. *Olcott* (46 N. Y., 12), the Court of Appeals have decided that a judgment creditor who had what is termed an equitable lien on lands at the date of the discharge of the debtor in bankruptcy, based on the statute of uses and trusts, but which rested on the judgment alone, had no such lien as was protected from the operation of the discharge. That to have a lien which would be protected, the judgment creditor must have commenced his action thereon and filed his notice of pendency of action before the discharge.

Neither the plaintiff or its assignee, Corben, therefore, had any debt in January, 1877, upon which to base an action. The judgment was satisfied as to Brandreth by the bankrupt discharge. Chapter 52, Laws of 1875, authorized the court in which a judgment was rendered against a defendant, who has been discharged under the United States bankrupt laws from the payment of that judgment, to order the same canceled of record. As we have seen (*Ocean Bank* v. *Olcott, supra*), that judgment is discharged by the discharge in bankruptcy. Section 1268 of the new Code of Civil Procedure makes it imperative upon the court to make the order, while the law of 1875 made it permissive. If the new Code was not in effect at the date of the making the order in question, the order ought to have been granted if the facts called for the exercise of the power. These laws were passed to meet a necessity, deeply felt by those who had been discharged under the bankrupt law. There was no way by which the judgment against them could be removed from the record. The value of the lands of the bankrupt, acquired after the discharge, seemed to be subject to liens which, in reality, were not liens, and thus the merchantability and value of the lands were injured. The order should be reversed and an order granted that the clerk discharge the judgment of record.

GILBERT, J., concurred; DYKMAN, J., not acting.

Order denying motion to discharge judgment of record reversed and motion granted.